**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CHILEL-CHILEL, | No. 21-70220 |
| Petitioner, | Agency No. A079-007-948 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]

Before: FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Petitioner Juan Chilel-Chilel appeals pro se from a decision of the Board of

Immigration Appeals (BIA) denying his motion to reopen. We review for abuse of

discretion the BIA's denial of a motion to reopen, and we review purely legal

questions de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We have

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a) to review the denial of a statutorily authorized motion to reopen removal proceedings. *See Kucana v. Holder*, 558 U.S. 233, 250 (2010). We deny the petition.

1. After the 90-day deadline for motions to reopen under 8 U.S.C. § 1229a(c)(7)(C)(i) had passed, Petitioner filed a motion to reopen his removal proceedings, alleging changed country conditions in Guatemala. The BIA denied Petitioner's motion to reopen because it was untimely and Petitioner had not shown materially changed country conditions to warrant an exception to the 90-day deadline under 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA also declined to exercise its authority to reopen proceedings sua sponte.

2. The BIA did not abuse its discretion in determining that Petitioner failed to demonstrate materially changed country conditions that warrant reopening. Although Petitioner submitted reports from 2016 and 2020 as evidence of changed country conditions, the BIA did not abuse its discretion in concluding that these reports did not provide evidence of materially different country conditions from those that existed at the time of his removal hearing. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) ("Evidence that simply recounts previous conditions presented at a previous hearing . . . is not sufficient to show a change in country conditions.").

3. The BIA determined that Petitioner did not demonstrate a "truly

exceptional situation" warranting exercise of its sua sponte authority, which Petitioner suggests violated his due process right to a "full and fair hearing." We have jurisdiction to review the BIA's decision not to reopen removal proceedings sua sponte only "for the limited purpose of reviewing the reasoning behind the [BIA's] decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588. Petitioner has not demonstrated that his due process rights have been violated nor has he established any other legal or constitutional error.

Petition **DENIED**.[1]

---

[1] The temporary administrative stay of removal is lifted and the motion to stay removal, Docket No. 1, is denied.